ALD-023                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2581
_____

IN RE: BRUCE ANTHONY DILLARD,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-15-cv-00974)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 1, 2018
Before: MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Petitioner Bruce Anthony Dillard has filed a mandamus petition seeking relief

from the judgment entered in his case in the United States District Court for the Middle

District of Pennsylvania. For the reasons that follow, we will deny the mandamus

petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Because the parties are familiar with the background, we present only a brief summary. In 2015, Dillard filed his complaint alleging constitutional violations that occurred during his incarceration at the Federal Correctional Institution-Schuylkill. After briefing, in 2016 the District Court granted the defendants' motion to dismiss but allowed Dillard to file an amended complaint. In 2017, the defendants filed a motion to dismiss, or in the alternative, for summary judgment. The briefing process was protracted; ultimately, Dillard's deadline for filing a brief in opposition to the defendants' motion was set for March 5, 2018. In early March 2018, Dillard requested an enlargement of time until April 2, 2018. Before the District Court ruled on his request, Dillard filed his "motion in opposition" dated March 18, 2018.

On March 28, 2018, the District Court granted the defendants' motion for summary judgment and entered judgment in favor of the defendants and against Dillard. Dillard promptly filed a notice of appeal. That appeal, docketed at C.A. No. 18-1776, was dismissed due to Dillard's failure to comply with the fee or in forma pauperis requirements.

Dillard then filed this mandamus petition. In his petition, Dillard explains that his March 2018 request for an extension of time was necessary because of a lockdown at his current place of imprisonment.[1] Dillard states that when the prison resumed normal operations, he "completed his Motion on March 18, 2018 which he then filed with the

---

[1] Dillard provides a copy of a letter from his prison Unit Manager concerning the prison lockdown. Dillard states that he forwarded the same letter to the District Court.

2

Honorable District Court, thorough and complete in all respects." Mandamus Pet. at 4. Dillard acknowledges that the District Court reached disposition on the case after receiving his opposition arguments, but he contends that the District Court failed to rule on his motion and erred in granting summary judgment in the defendants' favor. Specifically, Dillard argues that the District Court's decision was inappropriate because he presented material issues of fact. As relief, Dillard asks us to compel the District Court to reconsider its findings and formally adjudicate Dillard's motion in opposition, thus allowing Dillard to have a new right to appeal.

We will deny Dillard's mandamus petition, because no "extraordinary circumstances" exist to justify granting this drastic remedy. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus relief is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Dillard argues that he has no alternative remedy "at this time" and cannot obtain appellate relief absent our intervention via mandamus. See Mandamus Pet. at 4. However, mandamus must not be used as a substitute for an appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Dillard's arguments could have been raised on appeal, so we will deny his petition for a writ of mandamus.